U.S. DISTRICT COURT
Southern District of Georgia
Filed in Open Court
_2:50 P_M.
_6/16_ 20_11_
_B McCarthy_
Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 110-285 |
| | ) | |
| BERNARD WALKER | ) | |

## CONSENT ORDER OF FORFEITURE

WHEREAS, on October 14, 2010, a Federal Grand Jury sitting in the Southern District of Georgia returned a fourteen (14) count Indictment against Defendant Bernard Walker (hereinafter, the "Defendant");

WHEREAS, the Indictment sought forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to 18 U.S.C. § 666, as well as any property, real or personal, involved in a violation of 18 U.S.C. § 1956 or any property traceable to such property;

WHEREAS, the Defendant pled guilty pursuant to a written plea agreement to Count Seven (7) of the Indictment, charging him with Theft/Embezzlement from Program Receiving Federal Funding in violation of 18 U.S.C. § 666 and Count Fourteen (14) of the Indictment, charging him with Money Laundering in violation of 18 U.S.C. § 1956;

WHEREAS, pursuant to his plea agreement, the Defendant agreed to forfeit to the United States a 2000 BMW 528I, VIN: WBADM634XYGU06794, and a 1999 Audi A6 Quattro, VIN: WAUBA24B6XN028635, (hereinafter, collectively, the "Subject Property") as property constituting or derived from proceeds of, or involved in, the offenses to which he entered a plea of guilty; and

WHEREAS, the Defendant agreed to waive the provisions of the Federal Rules of Criminal Procedure 7(c)(2), 32.2, and 43(a) with respect to notice in the Indictment that the government will

seek forfeiture as part of any sentence in this case, and agreed that entry of this order shall be made a part of the sentence in or out of the presence of the Defendant and be included in the judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 981(a)(1)(c), 28 U.S.C. § 2461 and 18 U.S.C. § 982(a)(1), and Rule 32.2(b)(1), Federal Rules of Criminal Procedure, the Subject Property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets.

3. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

4. To the extent that the Subject Property includes specific property and is not limited to a judgment for a sum of money, the United States shall publish notice of the order and its intent to dispose of the Subject Property on the government's internet website, www.forfeiture.gov. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the

forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. *See* Fed. R. Crim. P. 32.2(b)(6).

5. Any person, other than the above named Defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the receipt of notice, or within sixty (60) days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) and 28 U.S.C. § 2461(c).

6. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Consent Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Any petition filed by a third-party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

8. If a petition is filed by a third-party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, the parties may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the Subject Property following the Court's

disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorney David M. Stewart, U.S. Attorney's Office, Post Office Box 2017, Augusta, GA 30903.

This _____ day of ____June____, 2011.

_____
UNITED STATES DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF GEORGIA

WE ASK FOR THIS:

_____
David M. Stewart
Assistant United States Attorney
GA Bar No. 142029

_____
Bernard Walker
Defendant

_____
Richard T. Pacheco II, Esq.
Attorney for the Defendant

4